Brown, *Trustee*, v. Mabbett.

Trial at the May Term, 1882, of the district court, when the defendant was found guilty, and sentenced to pay a fine of $150, and the costs, taxed at $144.10. *Wells* appeals.

*Webb McNall, Uhl & Pickler*, and *W. R. Myers*, for appellant.

*A. M. Corn*, county attorney, for The State.

---

P. S. BROWN, *as Trustee, &c.*, v. H. MABBETT, *et al.*

ACTION brought in the district court of Leavenworth county, by *P. S. Brown*, as trustee for Smith & Keating and the Smith & Keating implement company, against *H Mabbett* and another, for the proceeds of certain goods. Plaintiff obtained an order of attachment in the suit, on the ground that *Mabbett's* alleged liability was fraudulently incurred. *Mabbett* moved to discharge this attachment, which motion the court sustained December 16, 1881, and made an order accordingly. This order the plaintiff brings here for review. The nature of the action, and the facts, appear in the opinion.

*E. Stillings*, for plaintiff in error.
*Lucien Baker*, and *J. D. Shafer*, for defendant in error.

*Per Curiam:* This petition in error is brought to this court for the purpose of reversing an order of the district court discharging an attachment. The facts of the case are substantially as follows:

On May 13, 1881, the defendant, H. Mabbett, was indebted to Smith & Keating and the Smith & Keating implement company, in the sum of $7,580, and in order to secure this indebtedness, Mabbett delivered to Smith & Keating, as collateral security, the notes of third persons to Mabbett, amounting to the sum of $1,800; and also transferred to the plaintiff, P. S. Brown, trustee for Smith & Keating and the Smith & Keating implement company, certain goods of the value of $3,969.24, which were to be sold and the proceeds applied to the payment of Mabbett's said debt. Immediately after the transfer of these goods from Mabbett to Brown, Brown returned them to Mabbett, with the understanding that Mabbett should sell them and apply all the proceeds thereof in payment of his said debt to Smith & Keating, and to the Smith & Keating implement company. On June 8, 1881, Mabbett entered into another agreement with Smith & Keating and the Smith & Keating implement company, under the terms of which agreement Mabbett was to pay Smith & Keating and the Smith & Keating implement company the sum of $200 per week, until the entire debt from Mabbett to Smith & Keating and to the Smith & Keating implement company should be paid. Whether this agreement was to supersede the arrangement made between Mabbett and Smith & Keating, and the Smith & Keating implement company and Brown, on May 13, 1881, or whether it was to affect that arrangement in any manner whatever, the testimony does not clearly show, and such testimony is conflicting. The plaintiff, Brown, claims that the $200 per week was to be paid by Mabbett, in addition to the proceeds of sales of all goods which had been transferred to Brown, and returned by Brown to Mabbett; while Mabbett claims

that he was only to pay the $200 per week, including the proceeds of such sales. After June 8, 1881, Mabbett did not keep any separate account of such sales. But such sales in the aggregate did not amount to $200 per week. From June 8, 1881, up to October 13, 1881, Mabbett paid Smith & Keating and the Smith & Keating implement company $3,960 in cash, and delivered to them, in goods, $140 — making a total of $4,100; and on October 13, 1881, delivered to Brown, with the consent of Smith & Keating and the Smith & Keating implement company, all the goods and property still remaining in his hands which had been transferred to Brown on May 13, 1881, amounting to $2,382.78. From May 13, 1881, up to October 13, 1881, Mabbett had sold of the goods which he had transferred to Brown, and which had been redelivered to him, an amount aggregating in value the sum of $1,446.46, which last-mentioned goods he of course did not redeliver to Brown; and Brown then commenced this action against Mabbett for the proceeds of such goods, and obtained an order of attachment in the suit, upon the ground that the supposed liability of Mabbett for the proceeds of such goods was "fraudulently incurred." The defendant Mabbett moved to discharge the attachment, and upon the evidence introduced, the court below sustained the motion; and this petition in error is instituted in this court for the purpose of reversing the order of the court below, so discharging said attachment.

It will be observed from the foregoing facts, that from June 8, 1881, up to October 13, 1881, Mabbett paid Smith & Keating and the Smith & Keating implement company more than $200 per week in money, besides delivering to them some goods; and it will also be seen that he paid to Smith & Keating and to the Smith & Keating implement company an amount much greater than the entire amount of all the proceeds of all the sales of the goods which had been transferred to Brown and redelivered to Mabbett. Hence, according to Mabbett's understanding of the agreement made on June 8, 1881, Mabbett fully complied with

all the obligations which he was under to Smith & Keating and to Smith & Keating implement company, and to Brown, their trustee. Upon this question, as we have before stated, the evidence was conflicting; but it was principally in parol, and that portion of it sustaining Mabbett's theory of the case was amply sufficient; and as the court below upon this evidence sustained Mabbett's theory of the case, we think the decision of the court below is conclusive. Upon Mabbett's theory of the case, the supposed obligation or liability of Mabbett to Brown for the proceeds of the sale of the goods for which this suit was brought, was certainly not "fraudulently incurred." Therefore, the order and judgment of the court below discharging the attachment will be affirmed.